**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-60479

(Summary Calendar)
_____

SHAHRIAR AGHILI,

Petitioner,

versus

JOHN ASHCROFT, U S Attorney General,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
USDC No. A26 090 013

_____

February 21, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Shahriar Aghili ("Aghili") has brought this petition for review to challenge the final

decision of the Board of Immigration Appeals (BIA), denying Aghili's motion to reopen deportation

proceedings. On appeal, we must decide whether the BIA correctly construed Aghili's motions filed

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after his initial motion as new motions to reopen, rather than as supplements to the original motion.

Aghili, a citizen of Iran, entered the United States in July 1978 on a student visa, and remained in this country without authorization after his visa expired in 1985. In January of 1986, Aghili was charged with deportability. In response, Aghili filed two applications for relief. The first sought "adjustment of status" under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255, based on his December 1986 marriage to his first wife Dolores.[1] Aghili's second application requested suspension of deportation under former INA §244(a), based on extreme hardship resulting from deportation. The Immigration Judge (IJ) denied both applications, and on March 13, 1987, Aghili was ordered deported.[2]

---

[1] INA § 245(a), governing adjustment of status, provides:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii), or (B)(iii) of section 1154(a)(1) of this title or may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. §1255(a). An alien has an immigrant visa "immediately available" to him when a visa petition filed on his behalf is approved by the INS. Several categories of persons can file such petitions, including spouses, employers, and family members. *See* INA § 201(b), 8 U.S.C. § 1151(b) (defining spouses as immediate relatives); INA § 203, 8 U.S.C. §1153 (listing other preference classes).

[2] The IJ denied Aghili's petition for adjustment of status under § 245 based on his marriage because Aghili was married after commencement of the deportation proceedings. While visas for spouses are not subject to any statutory numerical limitation, the Immigration Marriage Fraud Amendments of 1986 precluded adjustment of status for any alien married after the commencement

Aghili filed a timely appeal to the BIA on March 23, 1987. While pursuing the appeal Aghili's brother filed a 'family fourth preference' visa petition on Aghili's behalf on April 17, 1987.[3] On February 13, 1989, the BIA dismissed the direct appeal. Aghili did not appeal from the BIA's order, but instead remained illegally in the country. In December 1989, Aghili divorced his first wife Dolores, and in March 1993, he married his second wife Foojan.

On July 16, 1996, Aghili filed a motion to reopen deportation proceedings, seeking to adjust his status under INA §245(i) based on his marriage to Foojan. While his initial motion to reopen was pending, Aghili filed a "supplement" to his original motion on March 9, 1998, informing the BIA that the family fourth preference visa application filed by his brother had become current and had been approved. In addition, in August 2000, Aghili filed a second supplemental motion to advise the BIA of his recent divorce from his second wife, and also to emphasize that he was still eligible for adjustment of status based on the approval of his brother's approved family fourth-preference petition.

On May 25, 2001, the BIA issued a final decision denying Aghili's motion to reopen deportation proceedings. The bo ard denied the original 1996 motion on the grounds that the underlying visa petition filed on Aghili's behalf by his second wife was automatically revoked when their marriage terminated in 2000. The board also denied the 1998 motion as a "second motion to

_____

of deportation proceedings unless that alien resided outside the United States for two years. Congress changed this provision in 1990, creating an exception in cases where the marriage could be shown by clear and convincing evidence to be bona fide. *See* INA § 245(e)(3).

[3] Petitions for immigrant visas on behalf of family members are granted in accordance with INA § 203(a)(4), 8 U.S.C. § 1153(a)(4). Visa applications for brothers and sisters of U.S. citizens are placed in the "family fourth preference" category, which limits visas granted to 65,000 per year. Thus, the wait for an available visa ranges between eight and twelve years.

reopen to apply for adjustment," prohibited under the restrictions on subsequent motions set forth in 8 C.F.R. § 3.2 (c)(2).[4] Aghili now seeks review of this decision.

We review the BIA's denial of a motion to reopen deportation proceedings for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). We afford the BIA substantial deference, upholding its decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (quoting *Osuchukwu v. INS*, 744 F.2d 1136, 1141-42 (5th Cir. 1984)).

We must defer to the BIA's reasonable interpretation of its own regulation governing time limitations on motions to reopen. *See William v. INS*, 217 F.3d 340, 342-43 (5th Cir. 2000). After examining the facts of this case, we do not believe the BIA's determination was unreasonable. A recent decision of this circuit supports this conclusion. *See Wang v. Ashcroft*, 260 F.3d 448, 450 (5th Cir. 2001). In *Wang*, the petitioner filed a motion to reopen on the basis of undue hardship under INA §244(a). Four years later, while this motion was pending, the petitioner became eligible for adjusted status under INA §245(i), based on the citizenship of his wife, and filed a 'motion to remand,' informing the court of his availability for adjusted status. *Id.* The BIA denied the second

---

[4] 8 C.F.R. §3.2(c)(2) provides:

> Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. Except as provided in paragraph (c)(3) of this section, an alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

-4-

motion as time-barred under 8 C.F.R. §3.2(c)(2), construing it as a second motion to reopen. *Id.* at 450-51. The petitioner appealed, arguing that the second motion was a supplement to his timely-filed and pending motion to reopen. We upheld the BIA's decision, finding that the board's conclusion that the second motion was separate and untimely was not unreasonable, in light of the significant deference afforded to decisions of the BIA. *Id.* at 451-52.[5]

The BIA's determination in this case is also consistent with past decisions interpreting similar facts. In *In re H-A*, a petitioner filed both a motion to reconsider and a "supplement" to such motion after the BIA denied petitioner's motion to reopen deportation proceedings. Int. Dec. 3394, 1999 WL 325675 (BIA 1999). The supplement was filed to inform the board of the fact that the 'immediate relative petition' filed by petitioner's wife had been approved, making him eligible for adjusted status under INA § 245(i). The BIA determined that the supplemental motion was a subsequent motion to reopen, barred in both time and number by 8 C.F.R § 3.2(c)(2), because it presented previously unavailable evidence. Similarly, in this case, Aghili's supplemental motion can be viewed as a separate filing because it sought to inform the board of new factual developments.

Finally, we note that even if Aghili had filed a first motion to reopen in 1998, based on the approval of his brother's family fourth preference visa application, it would still have been time-barred under 8 C.F.R § 3.2(c)(2). We can find no authority to support the proposition that petitioners are permitted, without limitation, to supplement pending motions with new evidence after the expiration of the filing time period.

For the foregoing reasons, we AFFIRM the determination of the BIA.

---

[5] While admittedly Aghili was more conscientious than the petitioner in *Wang* in clearly labeling his later motions as "supplemental," this does not change the fact that the BIA viewed the subsequent motions' presentation of new evidence as a new filing under 8 C.F.R. § 3.2(c)(2).