# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

––––––––––––

m 99-60422

––––––––––––

HANY E. WILLIAM,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

––––––––––––––––––

Petition for Review of an Order of
the Board of Immigration Appeals

––––––––––––––––––

July 17, 2000

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Hany William petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing, as untimely, his motion to reopen deportation proceedings. Concluding that the interpretation by the Immigration and Naturalization Service ("INS") of its regula-

tion is not unreasonable, we deny the petition for review and affirm the order of the BIA.

## I.

William, an Egyptian citizen, entered the United States on a student visa in 1992. In 1994, he was issued an order to show cause why he should not be deported for failing to maintain the conditions of his non-immigrant status. At the administrative hearing, he conceded his deportability but requested asylum.

An immigration judge denied his application for relief and ordered deportation. The Board of Immigration Appeals ("BIA") affirmed, dismissing William's direct appeal on September 24, 1997.

William filed a motion to reconsider on October 22, 1997, requesting withholding of deportation based on his change in marital status and his wife's eligibility for citizenship. The BIA construed his request as both a motion to reconsider its dismissal of his appeal and a motion to reopen to allow him to apply for adjustment of status based on the new fact of his marriage to a lawful permanent resident.[1] The BIA denied the motion on April 30, 1998.

William filed a motion to reopen on July 28, 1998, attaching his marriage certificate and noting that his wife had completed the naturalization interview and tests and would be sworn in as a citizen in a few weeks. He requested permission to adjust his status once his wife was sworn in.

William submitted that his motion to reopen was timely because it was filed within ninety days of the denial of his motion to reconsider. The BIA disagreed, dismissing his motion to reopen as untimely and concluding that it should have been filed within ninety days of the dismissal of his direct appeal.

---

[1] This ruling motivated the INS's argument that because the current motion was William's second motion to reopen, he was foreclosed from making that motion under 8 C.F.R. § 3.2(c)(2)'s requirement that he could file only one motion to reopen. But because the BIA did not address this argument in its decision, and because the INS does not reassert that argument on appeal, we do not consider it.

## II.

INS regulations governing motions to reopen provide, in pertinent part, that "a party may file only one motion to reopen . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 3.2(c)(2). William's petition for review presents an issue of first impression: whether the decision in William's original appeal to the BIA, as distinguished from the subsequent denial of his motion to reconsider, was "the final administrative decision . . . in the proceeding to be reopened." If the dismissal of his original appeal qualifies, then his motion to reopen was untimely. But if the denial of his motion to reconsider is the final decision under § 3.2(c)(2), the motion to reopen was timely.

William argues that under *Stone v. INS*, 514 U.S. 386 (1995), the denial of a motion to reconsider is a final order of deportation and that the denial of a motion to reconsider is a final administrative decision from which the ninety-day clock should start running. Thus, he concludes that the BIA's construction of the regulation is inconsistent with its plain meaning and therefore is not entitled to deference.

The INS responds by also citing *Stone*, in which the Court decided whether the filing of a motion to reconsider or reopen tolls the time during which judicial review of the underlying deportation order may be sought. The Court held that an order of deportation is final, that a denial of a motion to reconsider is a second final order, and that the time limits for seeking judicial review of a final order apply separately to each final order. *See id.* at 395.

Thus, the INS argues that under *Stone*, *both* the denial of the motion to reconsider and

the dismissal of the appeal of the deportation order should be considered "final administrative decisions" for purposes of § 3.2(c)(2). The INS reasons further that because William's motion to reopen should relate to "the proceeding to be reopened," it is the underlying deportation decision, and not the denial of the motion to reconsider, that is being challenged. This is so because William seeks to introduce new evidence that he contends will affect his deportationSSi.e., that his wife is going to become a citizen.

This evidence could not be introduced in a proceeding for a motion to reconsider, the INS notes, because that type of motion challenges only the legal analysis employed by the immigration judge. The deportation proceeding is the proper forum for this new evidence, because there the immigration judge can take into account any additional factors supporting discretionary relief from deportation. That is to say, because an alien who seeks to introduce new evidence can reopen only a proceeding that once was open for the receipt of evidence, the motion to reopen must look back to an evidentiary proceeding rather than to the denial of reconsideration.

William tries to refute this construction by arguing that he seeks to reopen all deportation "proceedings" related to his case, which therefore would include both the original deportation decision and the denial of his motion to reconsider. Although this is not an implausible reading of the statute, the better interpretation is that the language of § 3.2(c)(2) is not so broad and, instead, refers only to a single "proceeding" that a party may seek to reopen, and, again, the government reasonably argues that the denial of a motion to reconsider cannot be "reopened" where it was never open to the type of new evidence William seeks to introduce.

Thus, while the regulation's use of "final administrative decision" is facially unambiguous, it invites, in the context of the next phrase, "rendered in the proceeding sought to be reopened," at least two reasonable interpretations. Therefore, the provision is, at most, ambiguous as to the question presented in this appeal, so we defer to the INS's reasonable interpretation of its own regulation. *See Ghassan v. INS,* 972 F.2d 631, 637 (5th Cir. 1992).

William avers that we should not defer, because the INS's interpretation is plainly unreasonable. This is so, he asserts, because the term "final" can only mean the "last" administrative decision in his case.

Although William's construction is not unreasonable, neither is the INS's, because "final administrative decision" refers to "the proceeding sought to be reopened." It is possible that, as William suggests, this phrase refers to the broader deportation process, but we cannot say that the INS's determination that the phrase refers to the particular stage of the process sought to be reopened is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994).

Accordingly, the petition for review is DENIED, and the order of the BIA is AFFIRMED.