**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN SORIA VEGA,
                  *Petitioner,*

          v.

ERIC H. HOLDER JR., Attorney
General,
               *Respondent.*

No. 07-72618

Agency No.
A095-192-415

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 9, 2010—Pasadena, California

Filed July 19, 2010

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Charles R. Breyer, District Judge.*

Opinion by Judge Trott

---

*The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

10329

## COUNSEL

John Bennett, Amarillo, Texas, for the petitioner.

Michael C. Heyse and John S. Hogan, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

TROTT, Circuit Judge:

Juan Soria Vega petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen as untimely. Soria Vega asserts that although his motion was not filed within 90 days of the BIA's merits determination, the motion to reopen was filed within 90 days of the denial of his motion to reconsider and was therefore timely. The Attorney General contends that, to be timely, the motion to reopen had to be filed within 90 days of the BIA's initial merits determination, not within 90 days of the denial of his motion to reconsider. We agree with the Attorney General.

## BACKGROUND

Soria Vega conceded to the Immigration Judge (IJ) that he was removable and was granted voluntary departure on Feb-

ruary 6, 2003. The BIA affirmed the IJ's decision without opinion on May 10, 2004. The BIA explicitly identified this order as "the final agency determination," citing 8 C.F.R. § 1003.1(e)(4).

On August 23, 2004, the BIA denied Soria Vega's motion to reconsider. Due to circumstances beyond his control, Soria Vega did not receive that decision from the BIA. He then filed a request for the reissuance of the Board's "decision rendered on August 23, 2004" regarding his motion to reconsider. On June 8, 2005, the BIA vacated its August 23, 2004 decision and issued a new order incorporating the previous order of August 23, 2004, as requested. The BIA's May 10, 2004 order remained undisturbed as "the final agency determination."

Soria Vega then filed a motion to reopen on July 7, 2005, more than one year after the BIA's initial decision. He asserted that his family circumstances had changed and that the BIA should consider family separation as a reason to support cancellation of removal. Although the motion was submitted within 90 days of the denial of the motion to reconsider, the BIA denied the motion to reopen as untimely because it was not submitted within 90 days of the May 10, 2004 removal order.

## DISCUSSION

### A.   Standard of Review

This court "review[s] the BIA's ruling on a motion to reopen for abuse of discretion." *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir. 2007). An abuse of discretion occurs if the BIA's " 'denial was arbitrary, irrational or contrary to law.' " *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (quoting *Watkins v. INS*, 63 F.3d 844, 847 (9th Cir. 1995)). Purely legal questions, including the BIA's interpretation of statutes, are reviewed de novo. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996).

**B. Analysis**

Soria Vega asserts that his motion to reopen was timely because it was filed within 90 days of the BIA's denial of his motion to reconsider. He argues that the denial of the motion to reconsider qualifies as "a final administrative order of removal." *See* 8 U.S.C. § 1229a(c)(7)(C)(i). We disagree.

"In reviewing administrative interpretations of statutes, we look first to the principles set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, . . . ." *Azarte v. Ashcroft*, 394 F.3d 1278, 1285 (9th Cir. 2005). First, the court determines whether the statutory meaning is unambiguous. *Id.* "No deference to the view of the administrative agency is necessary when normal principles of statutory construction suffice to determine the statute's meaning." *Id.* (citation and internal quotation marks omitted). "If congressional intent is clear, both the court and the agency must 'give effect to the unambiguously expressed intent of Congress.' " *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1012 (9th Cir. 2006) (quoting *Chevron*, 467 U.S. at 843). "If, however, Congress has not directly addressed the exact issue in question, a reviewing court must defer to the agency's construction of the statute so long as it is reasonable." *Id.*

To determine if a statute is ambiguous, the court first looks at the language used, considered in terms of the statute as a whole. *Azarte*, 394 F.3d at 1287. The court must "presume that a legislature says in a statute what it means and means in a statute what it says." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

**[1]** Congress has specified that a motion to reopen must be filed within 90 days of "a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Unfortunately, "a final administrative order of removal" is not defined by the statute. Soria Vega suggests that *any* final order directing the alien to be removed, including a denial of a motion to reconsider that

enforces a previously entered order of removal, qualifies as such an order. On the other hand, the Attorney General asserts that only an order of removal entered upon a decision by the BIA on the merits of the alien's case is a "final administrative order of removal." This definition excludes a denial of a motion to reconsider. Because the statute is susceptible of multiple interpretations, it is ambiguous.

**[2]** The BIA interpreted the time frame for filing motions to reopen in 8 C.F.R. § 1003.2(c)(2). The regulation requires that such a motion be filed within 90 days of when "the final administrative decision was rendered in *the proceeding sought to be reopened*." (emphasis added). The regulation does not state that a motion to reconsider does not qualify as a "proceeding sought to be reopened." However, a "motion to reconsider challenges determinations of law and fact made by the BIA." *Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003); *see* 8 C.F.R. § 1003.2(b)(1). The only materials required in support of the motion are the party's arguments regarding the BIA's errors and any "pertinent authority." *Iturribarria*, 321 F.3d at 895. "It is implicit in subsection (b)(1) that the BIA will reconsider the party's case using the same record evidence used in making its prior decision." *Id.* "In contrast, a motion to reopen may only be granted upon a proffer of material evidence that 'was not available and could not have been discovered or presented at the former hearing.'" *Id.* (quoting 8 C.F.R. § 1003.2(c)(1)).

**[3]** Because the BIA will not consider new evidence in a reconsideration hearing, offering new evidence through a motion to reopen the reconsideration proceeding would be inappropriate. The very purpose of a motion to reopen is to offer new evidence. *Azarte*, 394 F.3d at 1283. The new evidence, therefore, can only pertain to the initial merits determination that the alien is removable. Although Soria Vega argues otherwise, his motion to reopen was necessarily directed at the merits determination issued on May 10, 2004, not the denial of his motion to reconsider. Moreover, no

authority exists for the proposition that a motion to reopen can be directed at the denial of a motion to reconsider.

**[4]** Soria Vega asserts that the regulation for motions to reopen is in direct conflict with the statute, and, therefore, that the BIA's interpretation of the statute is not entitled to deference. *Chevron* deference is not afforded to "administrative constructions which are contrary to clear congressional intent." *Chevron*, 467 U.S. at 843 n.9. However, congressional intent as to the meaning of "a final administrative order of removal" is not clear. Rather than conflict with the statute, the regulation clarifies it. Reading both the statute and the regulation together, "a final administrative order of removal" is "the final administrative decision . . . rendered in the proceeding sought to be reopened." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

**[5]** The BIA's interpretation of 8 U.S.C. § 1229a(c)(7)(C)(i), requiring the motion to reopen to have been filed within 90 days of the May 10, 2004 merits decision, was reasonable. *See William v. INS*, 217 F.3d 340, 342-43 (5th Cir. 2000) (reaching the same conclusion upon analysis of 8 C.F.R. § 1003.2(c)(2)). To conclude otherwise would allow aliens unduly to delay final resolution of a case. *See INS v. Abudu*, 485 U.S. 94, 107-08 (1988) (the government has a valid interest in discouraging delay).

Soria Vega's remaining arguments lack merit.

## CONCLUSION

The BIA did not abuse its discretion by denying Soria Vega's motion to reopen as untimely. The motion had to be filed within 90 days of the May 10, 2004 order affirming the IJ's determination. That order was designated the "final administrative order of removal" under 8 U.S.C. § 1229a(c)(7)(C)(i) and remained so through all subsequent

proceedings. Soria Vega's motion was nearly one year late when filed on July 7, 2005.

**PETITION DENIED.**