In the

# United States Court of Appeals
## For the Seventh Circuit

No. 11-2841

LEONIDA M. SARMIENTO and
ROMEO L. SARMIENTO,

*Petitioners*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
Nos. A097 867 848 & A097 867 849

ARGUED APRIL 25, 2012—DECIDED MAY 21, 2012

Before POSNER, SYKES and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* An alien subject to an order of removal has 90 days from the entry of a final administrative order of removal to seek to reopen the removal proceedings. The question presented in this case is whether the filing of a motion to reconsider an order of removal tolls that 90-day period until a ruling is made

on a motion to reconsider. An Immigration Judge ordered removal for Leonida and Romeo Sarmiento after refusing to adjust their status to permanent residents, and the Board of Immigration Appeals dismissed their appeal. The Sarmientos moved the Board for reconsideration, which it denied. Within 90 days of that denial, but several months after the Board's initial dismissal, the Sarmientos moved to reopen. The Board denied the motion as untimely, concluding that a motion to reopen must be filed within 90 days of the dismissal of the Board appeal, regardless of the pendency of a motion to reconsider the removal order. Because the Board's interpretation of the applicable statute and regulation is reasonable, the petition for review presented to this court is denied.

## I. Background

The Sarmientos, citizens of the Philippines, entered the United States under nonimmigrant visas, Leonida in 2003 and Romeo in 2004. About a month before Leonida's visa was set to expire, her employer petitioned on her behalf for alien-worker status, and she applied for adjustment of status. Leonida is a nurse and qualified as a skilled worker or professional under 8 U.S.C. § 1153(b)(3)(A)(i) or (ii). At the same time, Romeo applied for adjustment of status as Leonida's spouse. The petition for worker status was granted in late 2004.

Ten months later, immigration officials denied the Sarmientos' applications for adjustment of status because Leonida had not submitted evidence of her certif-

ication to practice nursing in the United States, as required by 8 U.S.C. § 1182(a)(5)(C) (the results of a necessary English exam were pending). The Sarmientos reapplied for adjustment of status a few months later, but their applications were again denied, this time because Leonida filed her second application for adjustment of status after her lawful status had lapsed for over 180 days, rendering her ineligible for adjustment of status. *See id.* § 1255(c)(7), (k). The Department of Homeland Security began removal proceedings in late 2007.

At a removal hearing before the IJ, the Sarmientos renewed their applications to adjust their status. The IJ denied the Sarmientos' applications and ordered them removed. He explained that he could not renew Leonida's first application because it had not been properly filed in the first instance since it did not include evidence of her nursing certification. And, according to the IJ, Leonida was ineligible for adjustment of status under her second application because she filed it after living in the United States unlawfully for more than 180 days.

The Sarmientos appealed to the Board, arguing that their first application had been properly filed and that their unlawful presence in the United States for over 180 days was a result of an error by their former attorney. In June 2010, the Board dismissed the appeal, concluding that the Sarmientos had not shown that their counsel was ineffective and that the IJ was correct that they were not eligible to adjust status because they had been in the United States unlawfully for more than 180 days.

A month later, the Sarmientos moved for reconsideration, rehashing the arguments they had made in their initial submission to the Board. The Board denied the motion in December 2010, explaining that the motion failed to point out any errors of fact or law in the original dismissal. Nine months after the Board dismissed their original appeal but within 90 days of the Board's denial of their motion to reconsider, the Sarmientos moved to reopen in March 2011. They contended, with supporting evidence, that they were newly eligible for adjustment of status because their daughter, a United States citizen who was now 21, had petitioned to adjust status on their behalf, and those petitions had been approved.

The Board determined that the motion was untimely and denied it. The Board explained that the motion was due within 90 days of its "final administrative order of removal," which it said was the decision issued in June 2010 dismissing the Sarmientos' appeal, not the later order in December denying their motion to reconsider. The Sarmientos then petitioned for review.

## II. Analysis

The Immigration and Nationality Act provides that a "motion to reopen shall be filed within 90 days of the date of entry of a *final administrative order of removal*." 8 U.S.C. § 1229a(c)(7)(C)(i) (emphasis added). The Sarmientos argue that the Board's denial of their motion to reconsider was a final order of removal and that they may move to reopen the Board's dismissal within

90 days of any final order of removal against them. They conclude, therefore, that the 90-day deadline for moving to reopen runs from the date that the court denied their motion to reconsider in December, making their March motion to reopen timely. The government responds that the Sarmientos' motion was untimely because they had to move to reopen within 90 days of the specific order they were challenging—and that order, according to the government, was the Board's initial dismissal of their appeal.

The INA's time limit for moving to reopen is ambiguous. First, § 1229a(c)(7)(C)(i) does not state whether a motion to reopen may be filed within 90 days of *any* final order of removal, or must be filed within 90 days of the *specific* final order of removal that a party seeks to challenge. Second, the INA's definition of *when* an order of removal becomes "final" has been interpreted in two ways. The INA itself provides that an order is final when either (1) the Board affirms the IJ's removal order, or (2) the time to appeal the IJ's removal order to the Board expires. 8 U.S.C. § 1101(a)(47)(B). (Section 1101(a)(47)(B) actually refers to an "order of deportation," but that term is synonymous with "order of removal." *Viracacha v. Mukasey*, 518 F.3d 511, 513-14 (7th Cir. 2008).) Some decisions read this provision to limit "final" orders of removal to these two instances, *see Ocampo v. Holder*, 629 F.3d 923, 927 (9th Cir. 2010), but others understand it to implicitly include orders disposing of motions to reopen and reconsider as "final" orders of removal, *see, e.g., Bronisz v. Ashcroft*, 378 F.3d 632, 636-37 (7th Cir. 2004); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004); *Chow v. INS*,

113 F.3d 659, 663-64 (7th Cir. 1997), *abrogated on other grounds by LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir. 1998); *Cruz v. Attorney Gen.*, 452 F.3d 240, 246 (3d Cir. 2006); *Sarmadi v. INS*, 121 F.3d 1319, 1321-22 (9th Cir. 1997).

When a statute is ambiguous, courts must defer to an agency's reasonable interpretation of the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Escobar v. Holder*, 657 F.3d 537, 542 (7th Cir. 2011); *Dawoud v. Gonzales*, 424 F.3d 608, 612 (7th Cir. 2005). Here the Board's regulation corresponding to § 1229a(c)(7)(C)(i) explains that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered *in the proceeding sought to be reopened*." 8 C.F.R. § 1003.2(c)(2) (emphasis added). The Board was even more specific in *In re Khan*, 2007 BIA LEXIS 60 (BIA June 15, 2007). There, on facts nearly identical to this case, it held that the 90 days to file a motion to reopen a removal order runs from the date the Board dismissed the appeal of the IJ's removal order, and not the date that the Board ruled on a motion to reconsider. *Id.* at *1 (citing *Matter of L-V-K-*, 22 I. & N. Dec. 976 (BIA 1999)). *In re Khan* is not a precedential Board decision, but it expressly relies on relevant Board precedent in reaching its decision and therefore is entitled to *Chevron* deference. *See Escobar*, 657 F.3d at 542; *Arobelidze v. Holder*, 653 F.3d 513, 519 (7th Cir. 2011); *Rohit v. Holder*, 670 F.3d 1085, 1087-88 (9th Cir. 2012); *Quinchia v. U.S. Attorney Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008).

The Board's interpretation of the statute, requiring parties to move to reopen within 90 days of the Board's initial dismissal, is reasonable. To conclude otherwise would allow aliens to receive extra time to move to reopen their cases by the simple expedient of filing frivolous motions to reconsider. Moreover, rejecting the Board's interpretation would create a circuit split with the Fifth and Ninth Circuits. *See Vega v. Holder*, 611 F.3d 1168, 1170-71 (9th Cir.), *petition for cert. filed*, (U.S. Dec. 13, 2010) (No. 10-8010); *William v. INS*, 217 F.3d 340, 342-43 (5th Cir. 2000). Those circuits decided that the Board reasonably interpreted the applicable regulation, 8 C.F.R. § 1003.2(c)(2) (formerly § 3.2(c)(2)), to require a motion to reopen to be filed within 90 days of the order it is challenging, and then reasoned that a motion to reopen can only target the Board's original dismissal. We agree with this analysis.

The regulation states that the motion to reopen must be filed within 90 days of the *specific* proceeding being challenged. A motion to reopen cannot challenge an order disposing of a motion to reconsider because the motions have conflicting evidentiary requirements: A party must submit new evidence for a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7); *Munongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007), whereas a party may not submit new evidence for a motion to reconsider, *see* 8 U.S.C. § 1229a(c)(6); *Munongo*, 479 F.3d at 534-35. Therefore, the Sarmientos' motion to reopen (which included new evidence) can be seen only as a challenge to the underlying removal order, not the ruling on the motion to reconsider. *See Vega*, 611 F.3d at 1170-71 (stating

that "offering new evidence through a motion to reopen the reconsideration proceeding would be inappropriate. The very purpose of a motion to reopen is to offer new evidence. The new evidence, therefore, can only pertain to the initial merits determination that the alien is removable." (citation omitted)); *William*, 217 F.3d at 342 ("[B]ecause an alien who seeks to introduce new evidence can reopen only a proceeding that once was open for the receipt of evidence, the motion to reopen must look back to an evidentiary proceeding rather than to the denial of reconsideration.") Because the Sarmientos' moved to reopen more than 90 days after the Board dismissed their appeal of the IJ's removal order, their motion is untimely.

This interpretation is consistent with how courts treat deadlines to petition for judicial review of Board decisions. The Supreme Court has held that a removal order is independent of a later order denying a motion to reconsider or reopen, and that therefore a motion to reconsider or reopen does not extend the time to appeal the underlying order. *Stone v. INS*, 514 U.S. 386, 394-95 (1995). Following from *Stone*, a petition for review must be filed within the deadline running from "*the specific order* sought to be reviewed." *Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986) (emphasis in original); *accord Muratoski v. Holder*, 622 F.3d 824, 829-30 (7th Cir. 2010); *Youkhana v. Gonzales*, 460 F.3d 927, 933-34 (7th Cir. 2006); *Asere v. Gonzales*, 439 F.3d 378, 380-81 (7th Cir. 2006); *Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Because the time to petition for review is pegged to the

order to be reviewed, then the Board has reasonably concluded that the time to move to reopen is pegged to the order to be reopened.

The Sarmientos insist that the Board's interpretation is unreasonable. They contend that requiring a motion to reopen to be filed within 90 days of the order it seeks to challenge, rather than the last decision issued by the Board, unfairly limits their ability to file both a motion to reconsider and a motion to reopen. But the Board's approach does not prohibit parties from moving both for reconsideration and reopening; it simply tightens the timeline for doing so. The approach is thus consistent with the purpose of the deadlines, which is to "expedite petitions for review" and prevent "successive and frivolous administrative appeals and motions." *Stone*, 514 U.S. at 399-400.

The Sarmientos' final argument is that even if they missed the 90-day deadline, it should have been equitably tolled. The government responds that the Sarmientos cannot raise this argument on appeal because they failed to exhaust their administrative remedies by not raising the issue before the Board. The Sarmientos reply that they invoked equitable considerations in their motion to reopen and that the Board addressed equitable considerations in its order.

The Sarmientos may not raise the issue of equitable tolling here. A party must exhaust all administrative remedies before seeking review by this court, and failure to raise a specific issue before the Board typically forecloses a party from raising it on appeal. *Arobelidze*,

653 F.3d at 516-17. In their brief to the Board, the Sarmientos did not mention equitable tolling (or a similar concept like equitable estoppel, *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1185 (9th Cir. 2001)), nor did they cite any cases concerning equitable tolling. Their only allusion to equity, asking in their conclusion that their case be reopened "[i]n the exercise of justice and fairness," was too vague. Their failure to invoke equitable tolling could be excused if the Board had nonetheless addressed the issue, *see Arobelidze*, 653 F.3d at 517, but it did not. The Board merely observed that the Sarmientos' circumstances did not justify reopening on the Board's own motion. The Sarmientos thus failed to exhaust their administrative remedies with respect to equitable tolling.

The petition for review is DENIED.