```
┌────────────────────────────────────────────────────────┐
│              NONPRECEDENTIAL DISPOSITION               │
│   To be cited only in accordance with Fed. R. App. P. 32.1 │
└────────────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 29, 2015
Decided June 18, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2178

| | |
|---|---|
| AIYING LI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A087 899 019 |
| | |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Aiying Li, a Chinese citizen, petitions for review of an order upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. Li sought relief on the grounds that she had suffered past persecution and had a well-founded fear of future persecution based on her religion, Christianity, *see* 8 U.S.C. § 1101(a)(42)(A), and her political opinion as a person who was forced to have an abortion under a "coercive population control program," *see id.* § 1101(a)(42)(B). She challenges the immigration judge's conclusion, upheld by the Board, that her testimony and corroborating evidence were insufficient to meet her burden of proof. Because Li waived her religion claim and the IJ did not clearly err in

concluding that her evidence of the forced abortion was too vague and weak to carry her burden of proof, we deny the petition.

Li, now 43, entered the United States on a three-month business visa and overstayed. In July 2010 she applied for asylum and withholding of removal—based on her opposition to China's one-child policy and her practice of Christianity—and for CAT relief. Her application was referred to the immigration court, and the Department of Homeland Security initiated removal proceedings charging her with removability as an alien unlawfully present in the United States. *See* 8 U.S.C. § 1227(a)(1)(B).

In support of her claim that she was subjected to a coercive population control program, Li testified before an IJ that she was forced to abort her second pregnancy in May 1999. After a neighbor reported the pregnancy, she explained, family-planning officers charged into her home and drove her to a hospital, where she was forcibly operated on and an intrauterine device was inserted. Li remained in China for the next nine years.

To corroborate her claim, Li submitted three documents: a letter from her neighbor in China who stated that she saw the officers force Li into a car and take her to a hospital for an abortion, the written statement she had attached to her asylum application, and a recent medical report noting that an IUD was currently in place.

Li also asserted that she had been persecuted for her participation in a Christian house church. She testified that in August 2009 policemen entered a church member's house while they were praying, rounded up the attendees, and took them to the Shenhe police station for interrogation. Li said that an officer "viciously beat [her] up" after she refused to provide information. She said that she was later transferred to a detention facility, where the police poured cold water on her and instigated other inmates to "beat [her] up." She was released five days later. Since coming to the United States, Li says that she has attended church every week and reads the Bible every day.

To corroborate her claim that she had been injured during the raid on the church, Li submitted one piece of evidence—a medical certificate dated one day before she says she was released from the detention facility. That certificate reflects a diagnosis of "[s]oft tissue injuries at both shoulders" and a prescription.

The IJ rejected Li's claim for asylum because she failed to meet her evidentiary burden of proof. Regarding her forced-abortion claim, the IJ did not find Li's testimony "outright incredible" but described her testimony about the abortion procedure as

"hazy" and suspiciously vague, "in stark contrast to other parts of her testimony that were quite detailed." In the IJ's view, more information could have been forthcoming, especially given the centrality of this event to her claim and her allegation in her written statement that she underwent the procedure without any medication. The IJ also "question[ed]" the "plausibility" of Li's testimony that she was released from the hospital only twenty minutes after the abortion when she claims to have been bleeding profusely. The IJ remarked that she was "left to wonder" if Li wasn't exaggerating her experience. The IJ also drew attention to the failure of Li's written statement to mention that she had been subjected to a forcible IUD insertion, and this omission, in the IJ's view, "tends to underscore the vague nature of her account regarding the procedure." As for Li's religion claim, the IJ characterized her testimony about the physical abuse she received during the 2009 detention as "quite generalized" and vague. The IJ questioned Li's inability to provide the name or location of her current church despite living nearby and claiming to attend regularly; this, the IJ said, was "relatively basic information."

Having determined that Li's testimony was too vague and implausible to carry her burden of proof, *see* 8 U.S.C. § 1158(b)(1)(B), the IJ proceeded to consider whether her corroborating evidence was sufficient to establish eligibility for relief. The IJ concluded it was not. As for her evidence of the abortion, the IJ assigned "little corroborative value" to the neighbor's letter because the neighbor did not specify how she learned that an abortion took place. The IJ also gave "little" value to the medical report showing that Li had an IUD in place; this report, the IJ explained, did not specify whether the IUD had been inserted forcibly or whether Li had undergone an abortion. Her evidence of the 2009 detention—the medical certificate—likewise received "very limited weight" because Li did not produce the original and the date of the certificate conflicted with her testimony. Finally the IJ noted that Li had not submitted documents that should have been reasonably available to her to corroborate her detention. Because Li could not meet the less demanding burden of proof for asylum, the IJ concluded that Li did not qualify for withholding of removal or CAT protection.

The Board adopted and affirmed the IJ's order, adding a short discussion upholding the IJ's reasons for concluding that Li had not carried her burden of proof. The Board concluded that Li waived her religious-based claim because she did not sufficiently develop any argument relating to that claim in her brief before the Board.

Li challenges the IJ's conclusion that her testimony and corroborating evidence were insufficient to prove that she had been subjected to a forced abortion. Although a woman who has been forced to abort a pregnancy is deemed to have suffered past

persecution under the statutory definition, 8 U.S.C. § 1101(a)(42)(B), it is clear that the IJ did not believe Li's story. The IJ reasonably questioned whether the abortion "in fact happened as [Li] claims" because she supplied minimal detail—only that she was dragged into the operating room for a thirty-minute procedure—and this lack of detail weighs against the veracity of her testimony. *See Long-Gang Lin v. Holder,* 630 F.3d 536, 543 (7th Cir. 2010). And as the IJ noted, the omission in Li's written statement about the IUD—a probative detail of forced sterilization—can also bear negatively on her credibility. *See Hassan v. Holder,* 571 F.3d 631, 637 (7th Cir. 2009); *Balogun v. Ashcroft,* 374 F.3d 492, 504 (7th Cir. 2004). Moreover, Li's other corroborating evidence was weak. The neighbor (recounting an event that occurred more than ten years ago) did not explain how she knew that Li was being forced into the car for the purpose of an abortion, and the recent medical exam noting that an IUD was in place was not probative information.

Li next maintains that the IJ unreasonably demanded additional evidence—such as letters from her family or fellow church-goers—to corroborate her claim that she was arrested and detained for practicing Christianity. But Li waived this argument by failing to sufficiently develop it before the Board. *See FH-T v. Holder,* 723 F.3d 833, 841–42 (7th Cir. 2013); *El-Gazawy v. Holder,* 690 F.3d 852, 858–59 (7th Cir. 2012). In any event, Li did not comply with her obligation to corroborate her claim with reasonably available evidence requested by the IJ. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Raghunathan v. Holder,* 604 F.3d 371, 379 (7th Cir. 2010).

Because substantial evidence supports the agency's conclusion that Li failed to meet the burden of proof for asylum, the agency properly denied her claims for withholding of removal and CAT relief. *See Krishnapillai v. Holder,* 563 F.3d 606, 621 (7th Cir. 2009); *Rapheal v. Mukasey,* 533 F.3d 521, 525–26 (7th Cir. 2008); *Jamal-Daoud v. Gonzales,* 403 F.3d 918, 925 (7th Cir. 2005).

Accordingly, we deny the petition for review.