In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-1040

LUIS BARRADOS-ZARATE,

*Petitioner*,

*v.*

WILLIAM P. BARR, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A089-280-474

ARGUED NOVEMBER 17, 2020 — DECIDED NOVEMBER 24, 2020

Before EASTERBROOK, HAMILTON, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Luis Barrados-Zarate, a citizen of Mexico, lacks any claim of legal authority to be in the United States. By 2009, when he was served with a notice to appear under 8 U.S.C. §1229(a)(1), he had been here for more than a decade. This entitled him to apply for cancellation of removal under 8 U.S.C. §1229b(b)(1). He has two children

who were born in the United States, and he contends that his "removal would result in exceptional and extremely unusual hardship to … [a] child, who is a citizen of the United States" (§1229b(b)(1)(D)).

In proceedings before an immigration judge, Barrados-Zarate asserted that, if he is removed to Mexico, his domestic partner (also a Mexican citizen) and their children will accompany him. That would cause "exceptional and extremely unusual hardship" to the children, he asserted, because the rural area where he would settle has poor health care, deficient educational opportunities, fewer available jobs, and a high crime rate. The immigration judge concluded that hardships attributable to these shortcomings are not "exceptional and extremely unusual"; to the contrary, they are common consequences of removal to a nation with lower standards of living. The Board of Immigration Appeals dismissed the appeal, explaining that the children will receive a free public education, do not appear to be in special need of medical care that may be unavailable, and will have the support of Barrados-Zarate's extended family.

Barrados-Zarate sees an opening in the fact that the Board did not mention the crime rate in Mexico as a whole or the locality where he plans to take his family. He asks us to remand for further proceedings on that subject. The Attorney General replies that the Board's silence has a simple explanation: Barrados-Zarate did not present the subject for decision. He has accordingly failed to exhaust administrative remedies, which under 8 U.S.C. §1252(d)(1) precludes judicial relief. We have reviewed the brief that Barrados-Zarate's lawyer filed with the Board, and it confirms the Attorney General's position: it does not mention, let alone

make an argument about, the prevalence of crime or violence in Mexico as a whole or any of its localities. The problem is not that the brief lacks a heading and separate discussion about crime; it is that the brief does not address the subject at all. But Barrados-Zarate insists that this is irrelevant because, in the words of his reply brief, "[v]iolence in a country is inherent in every cancellation case."

The petition for review presents a potential jurisdictional problem. The agency's decisions under §1229b are not subject to judicial review, except for issues of law. 8 U.S.C. §1252(a)(2)(B)(i), (D). We have treated deficiencies in the Board's opinion writing as legal errors, reviewable under §1252(a)(2)(D). *Champion v. Holder*, 626 F.3d 952, 956 (7th Cir. 2010). Cases such as this show that it is not easy to isolate legal issues in this way; Barrados-Zarate's theme is that the agency made a substantive error in not awarding him cancellation of removal, not simply that a sentence is missing from the Board's opinion, yet arguments about the existence and degree of hardship are blocked by §1252(a)(2)(B)(i). Cf. *Viracacha v. Mukasey*, 518 F.3d 511, 514–15 (7th Cir. 2008). But the Attorney General has not asked us to refine (or revisit) circuit law about the use of §1252(a)(2)(D) to contest the Board's explanations for its decisions, so we shall proceed.

Section 1252(d) provides that a court may review the Board's order "*only if* (1) the alien has exhausted all administrative remedies available to the alien as of right" (emphasis added). Barrados-Zarate did not ask the Board to address the subject of criminal violence in Mexico. His reply that "[v]iolence in a country is inherent in every cancellation case" is nothing but a proposal to ignore §1252(d)(1).

Courts generally are limited to addressing and resolving the arguments made to them. See *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). An exhaustion doctrine applies that same understanding to the administrative process. Some statutes and rules permit review for plain error, but the Immigration and Nationality Act lacks such an exception to the norm of party presentation.

The Board of Immigration Appeals is inundated by cases; it needs and is entitled to rely on the parties to separate those issues that need attention from the many more that have been satisfactorily resolved by the immigration judge or were never raised at all. Barrados-Zarate asked the Board to address the significance of medical care, education, and economic opportunities in Mexico, and the Board did so—apparently to his satisfaction, because he has let those subjects drop. He did not ask the Board to consider criminal violence. Whether or not the Board could raise that subject on its own, it was not legally obliged to do so.

Even when a court or agency makes a *de novo* decision—that is, acts without deference to some other tribunal—it still needs to know which issues require resolution. Section 1252(d)(1) shows that immigration adjudication is an adversarial, party-driven approach rather than an inquisitorial, judge-driven system.

Barrados-Zarate has not cited any appellate decision establishing that, notwithstanding §1252(d)(1), a court of appeals may set aside an administrative decision that passes in silence a topic that the parties themselves have passed in silence. We looked but could not find such a decision. To the contrary, we have held that aliens must raise specific argu-

ments to which the Board can "apply its specialized knowledge and experience." *Minghai Tian v. Holder*, 745 F.3d 822, 826 (7th Cir. 2014). See also *El-Gazawy v. Holder*, 690 F.3d 852, 859 (7th Cir. 2012). We routinely reject arguments to the effect that a general claim (say, for cancellation of removal) preserves a more specific but unstated argument that might support it. See *Sarmiento v. Holder*, 680 F.3d 799, 804 (7th Cir. 2012); *Huang v. Mukasey*, 525 F.3d 559, 564 (7th Cir. 2008); *Margos v. Gonzales*, 443 F.3d 593, 599 (7th Cir. 2006). "To determine whether an issue has been raised … , courts look to whether a party actually argued it, not whether the argument bears some relation to the evidentiary record." *Duarte-Salagosa v. Holder*, 775 F.3d 841, 846 (7th Cir. 2014).

That is not the only problem with Barrados-Zarate's contentions. His lawyer maintained at oral argument that *no* aliens who have U.S. citizens as spouses or children should be returned to Mexico, given the level of criminal violence in that nation. But the statute requires "exceptional and extremely unusual hardship" to U.S. citizens. A risk encountered by everyone who lives in Mexico cannot be "exceptional and extremely unusual". But then, §1252(a)(2)(B)(i) unambiguously forbids judicial review of this factual aspect of the alien's argument.

The petition for review is dismissed for want of jurisdiction to the extent that Barrados-Zarate is attempting a covert attack on the substance of the agency's decision and is denied to the extent that Barrados-Zarate attacks the Board's silence about the effect of criminal violence in Mexico.