**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUGO SOSA RIVAS Y PEREZ,

　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　Respondent.

No. 09-73070

Agency No. A095-003-287

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:　　CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

　　Hugo Sosa Rivas y Perez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denial of a motion to reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petition for review.

The agency did not abuse its discretion by denying Sosa Rivas y Perez's motion to reconsider where he failed to establish any error of fact or law in the IJ's previous decision denying his motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2); *Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007) (in a motion to reopen based on lack of notice, a petitioner must "produce[] sufficient evidence to overcome the presumption of effective service by regular mail").

To the extent Sosa Rivas y Perez's motion to reconsider was based on newly submitted evidence, the agency did not abuse its discretion by construing the motion as a second motion to reopen and by denying it as numerically barred. *See Mohammed*, 400 F.3d at 793 (BIA may construe motions based on their underlying purpose); *Vega v. Holder*, 611 F.3d 1168, 1171 (9th Cir. 2010) (purpose of a motion to reconsider is not to submit new evidence); 8 C.F.R. § 1003.23(b)(4)(ii) (only one motion to reopen in absentia removal proceedings is permitted).

Sosa Rivas y Perez's contention that the BIA erred by failing to remand to the IJ fails because he did not request a remand in connection with his BIA appeal.

Sosa Rivas y Perez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

09-73070