**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DANIEL ESPINO-MEDINA, AKA Daniel Espino,<br><br>  Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.  16-71305<br><br>Agency No. A073-816-758<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2019**
Pasadena, California

Before: WARDLAW, BYBEE, and OWENS, Circuit Judges.

Daniel Espino-Medina (Espino) seeks review of the Board of Immigration

Appeals's (BIA) order dismissing his appeal of an Immigration Judge's (IJ)

decision denying his motion to reconsider an order of removal. We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction over this petition for review under 8 U.S.C. § 1252(a)(1). We review the BIA's conclusion that Espino's motion was untimely filed for abuse of discretion, *Vega v. Holder*, 611 F.3d 1168, 1170 (9th Cir. 2010), and we deny the petition for review. To the extent Espino asks us to review the BIA's decision not to exercise its sua sponte authority to reopen the case, we lack jurisdiction and dismiss the petition.

1.    The BIA did not abuse its discretion in holding that Espino's motion to reconsider, filed two years and nine months after his order of removal became final, was untimely. A motion to reconsider is untimely if it is filed more than thirty days after the date of entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(6)(B).

Further, the BIA did not abuse its discretion in determining that the deadline to file a motion to reconsider was not equitably tolled. We recognize "equitable tolling of deadlines and numerical limits on motions to reopen or reconsider" where a petitioner was prevented from timely filing "because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Here, Espino has identified no deception, fraud, or error that could give rise to a recognized claim of equitable tolling. He has not alleged that the IJ applied

2

incorrect law at the time it issued the order of removal. As an unmarried individual at the time of his removal, Espino was not eligible for marriage-based relief, and the IJ was under no obligation to inquire into the status of his non-marital romantic relationship. Further, Espino has not established that he acted with due diligence in discovering the error he alleges the IJ made.

Espino now argues that his order of removal did not become final until immigration authorities completed reasonable-fear proceedings in 2015, based on our decision in *Ortiz-Alfaro v. Holder*, 694 F.3d 955 (9th Cir. 2012). He did not raise this argument before the agency. We thus lack jurisdiction to consider this unexhausted argument. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

2. Espino also asked the BIA to exercise its sua sponte authority to reopen his case. The regulation authorizing the BIA to exercise this power, 8 C.F.R. § 1003.2(a), does not "provide a standard controlling or directing the BIA's decision whether to reopen, and similarly provides no standard for reviewing the BIA's decision." *Ekimian v. INS*, 303 F.3d 1153, 1157–58 (9th Cir. 2002). Because this lack of a judicially manageable standard does not permit us to conduct meaningful appellate review, we generally lack jurisdiction to review the BIA's discretionary decision not to exercise this authority. *Id.* at 1159.

3

Here, Espino attacks the BIA's exercise of discretion in classifying the legal changes he cites as "incremental" rather than "fundamental" and determining that his case was not "a gross miscarriage of justice" that warranted sua sponte reopening. We lack jurisdiction to consider these discretionary arguments.

The petition for review is **DENIED**, in part, and **DISMISSED**, in part.