In the

# United States Court of Appeals Soun

## For the Seventh Circuit

No. 14-2276

SEBASTIAN DUARTE-SALAGOSA,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney
General of the United States,

*Respondent.*

On Petition for Review of an Order of the
Board of Immigration Appeals
A200-558-692

ARGUED NOVEMBER 12, 2014 — DECIDED DECEMBER 30, 2014

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* Sebastian Duarte-Salagosa seeks review of a decision of the Board of Immigration Appeals (Board) that affirmed a ruling by an immigration judge (IJ) denying his claim for asylum and withholding of removal. Because we lack jurisdiction to review the Board's ruling that the asylum claim was untimely, we dismiss that claim. For the reasons set forth in this opinion, we also deny the petition for

withholding of removal and protection under the Convention
Against Torture.

## I. Background

The factual record in this case is spare and largely confined
to the procedural history, none of which is favorable to our
petitioner, Sebastian Duarte-Salagosa (Duarte). A native and
citizen of Mexico, Duarte entered the United States without
inspection at some time around June 1, 2000. Almost eleven
years later, following a trial in which he was acquitted of
charges of heroin trafficking, the Department of Homeland
Security issued a Notice to Appear on February 22, 2011.
Duarte did not appear for his hearing, and a removal order
was issued *in absentia* on March 24, 2011.

After Duarte sent a letter to the IJ in which he claimed to
have been unaware of the notice, the IJ reopened the
proceedings, whereupon Duarte applied for asylum,
withholding of removal, and protection under the Convention
Against Torture (CAT). In his application for asylum, Duarte
claimed that he feared returning to Mexico because he had
cooperated with the United States Drug Enforcement Agency
(DEA) and feared retribution from the Zeta drug cartel.

At the hearing, the IJ questioned Duarte, who denied that
he cooperated with the DEA or that he was threatened by the
Zeta cartel as a result of any purported association with law
enforcement. Instead, he claimed that the conflict stemmed
from a run-in that he had with the cartel almost fifteen years
earlier. Prior to entering the United States, Duarte—who was
in the business of selling used cars—was kidnapped by cartel
members and held for ransom. He ultimately escaped, earning

not only his freedom but also the consternation of the cartel, which duly responded by issuing death threats against him. At the hearing, Duarte insisted that the threats were ongoing. He submitted an affidavit from a friend in Mexico who received phone calls from persons suspected to be cartel members warning that Duarte would face retribution if he returned to that country. The IJ denied Duarte's application for asylum and withholding of removal but granted him voluntary departure.

On appeal, the Board held that Duarte's asylum petition failed as it neither met the statutory filing deadline nor established that he qualified for an exception due to "changed circumstances." For his petition for withholding of removal, Duarte asserted for the first time on appeal that he was targeted for persecution because of his "membership in the particular group of successful business[men] who have come under extortionate attacks by the ever-increasing influence of the Zeta drug cartels fighting for the heart and soul of Mexico's business and economic structure." Pet'r. Br. Ex. 2 at 2. The Board held that Duarte had failed to preserve this issue because he did not make this argument in his initial application or with the IJ. Nonetheless, the Board considered Duarte's testimony about his kidnapping at the hands of cartel members and determined that the cartel detained him for the purposes of obtaining money rather than to persecute him for his race, religion, or any other grounds recognized by law.

Finally, although Duarte raised a claim for CAT protection in his application, he did not argue this claim before either the IJ or the Board, nor did he submit any evidence to suggest the possibility of torture at the hands (or with the acquiescence) of government actors. As a result, neither the IJ nor the Board

ruled on this claim. Nonetheless, Duarte contends that the evidence in the record is sufficient to preserve his claim for CAT protection and asks us to review it now.

## II. Analysis

### A. Asylum Claim

An alien must file an application for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). Although Duarte's claim—filed eleven years after arriving in this country—is clearly untimely, he could still proceed with his petition if he were to demonstrate "either the existence of changed circumstances which may materially affect his eligibility for asylum or extraordinary circumstances relating to the delay in filing the application within the one year time period." *Bitsin v. Holder*, 719 F.3d 619, 625 (7th Cir. 2013). However, for us to review his claim, Duarte must also establish an additional factor, namely the existence of a constitutional question or question of law related to the timely filing of an asylum application. *Id.* (citing 8 U.S.C. § 1252(a)(2)(D)). Absent a question of this nature, the court may not review the Board's denial of asylum. *Id.*; *Khan v. Filip*, 554 F.3d 681, 687–88 (7th Cir. 2009).

Duarte presents neither a timely claim nor a question of law—constitutional or otherwise—related to the timeliness of the filing. He merely asks us to review the Board's factual determination that no changed or extraordinary circumstances existed to excuse his late filing. We lack jurisdiction to do this. *Tian v. Holder*, 745 F.3d 822, 825–26 (7th Cir. 2014); 8 U.S.C. § 1158(a)(3).

### B. Withholding of Removal

In addition to denying his asylum claim, the IJ denied Duarte's petition for withholding of removal. The Board provided its own analysis to support its decision to deny withholding of removal. Accordingly, we review both decisions. *Bathula v. Holder*, 723 F.3d 889, 897 (7th Cir. 2013). The standard of review is a deferential one: we will not reverse an agency decision simply because we would have decided the case differently; we reverse only if any reasonable adjudicator would be compelled to conclude the contrary. *Bueso-Avila v. Holder*, 663 F.3d 934, 937 (7th Cir. 2013). An alien is entitled to withholding of removal under the INA if he can show through direct or circumstantial evidence a "clear probability" that his "life or freedom would be threatened … because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *Khan*, 554 F.3d at 690; *Bueso-Avila*, 663 F.3d at 937.

The record in this case is devoid of any evidence suggesting that Duarte has been or will be subject to persecution on account of his race, religion, nationality, membership in a political group or political opinion. When questioned by the IJ, Duarte disclaimed the rationale put forth in his application, namely that he faced likely retribution from the Zeta cartel on account of his cooperation with law enforcement. Instead, he claimed that he faced persecution because the cartel, after fifteen years, still harbored resentment because he escaped their captivity without paying ransom. The IJ found this reason insufficient, informing Duarte that: "[t]he fact that [cartel members] are angry at you, and want revenge against you,

does not qualify you for asylum or withholding of removal." Pet'r. Br. Ex. 3 at 36.

Duarte refined his argument on appeal to the Board, introducing for the first time a claim that he was targeted for persecution on account of his "membership in the particular social group of successful businesses who have come under extortionate attacks by the ever-increasing influence of the dangerous Zeta drug cartels fighting for the heart and soul of Mexico's business and economic structure." Pet'r. Br. Ex. 2 at 2. The Board found that Duarte had not raised this claim to the IJ and therefore failed to preserve it. Undaunted, Duarte unveiled yet another version of this claim in his petition to this court, claiming that the Board and IJ failed to consider his membership in a group consisting of "Mexican businessmen in an area known for widespread kidnappings and extortion, where the Mexican government is unwilling or unable to effectively intervene and where corruption makes it all but impossible to tell the good law enforcement from the bad." Pet'r. Br. 10.

Duarte failed to exhaust his administrative remedies by presenting this particular social group for the first time in his petition to this court. The record reflects that Duarte did not represent to the IJ that he was a member of any social group involving businessmen who had been kidnapped by cartel members. In fact, he expressly disclaimed such arguments. When asked by the IJ whether the kidnapping formed the basis for the asylum claim, Duarte's counsel expressly denied that it did. Pet'r. Br. Ex. 3 at 28. Instead, he raised the argument for the first time on appeal, and the Board properly declined to review it as it had never been presented to the IJ.

Had the Board considered his social group—and had the government failed to oppose sufficiently this consideration—Duarte might have an argument that we should also consider the matter. This was not the case; instead, in his petition to this court, Duarte offers still another formulation of his social group and one that has not been reviewed in any proceeding. 8 U.S.C. § 1252(d)(1) allows courts to review final orders of removal only where a party has exhausted his administrative remedies. It does not direct us to review issues that have not been raised at any point in the earlier proceedings. We therefore decline to review either of Duarte's purported social groups.

Regardless of this, Duarte's claim for withholding of removal suffers from a more immediate defect, namely, that his feared persecution emanates from a personal dispute rather than one of the protected grounds covered by the Immigration and Nationality Act. The possibility of private violence based on personal grudges, and the inability of a country to protect its citizens from this, is not a basis for asylum or withholding of removal. *Jonaitiene v. Holder*, 660 F.3d 267, 270 (7th Cir. 2011). Accordingly, we deny Duarte's claim for withholding of removal.

## C. CAT Protection Claim

A failure to exhaust administrative remedies usually forecloses a petitioner from raising an issue in federal court that was not raised before the immigration tribunal. *Young Dong Kim v. Holder*, 737 F.3d 1181, 1187 (7th Cir. 2013). To exhaust an administrative remedy an applicant must "present to the Board any arguments that lie within its power to

address." *FH-T v. Holder*, 723 F.3d 833, 841 (7th Cir. 2013). Here, the record establishes that Duarte failed to raise expressly the issue of CAT protection to either the IJ or to the Board. Duarte argues that he was not required to address the issue directly because his testimony and the affidavit from his friend provided sufficient evidence for the IJ and the Board to infer that he would be subject to torture upon his return to Mexico. Such evidence, he claims, was sufficient to preserve his CAT claim.

We disagree. In the past we have recognized a limited class of exceptions to the administrative exhaustion requirement to include, among others, where a party has waived or forfeited objections, where the Board has addressed an issue on its own, or for other discretionary reasons. *Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011). Duarte's case presents none of these exceptions, nor does he present any facts or arguments to convince us that we should exercise our discretion to excuse him from a requirement that is binding on all other applicants.

While Duarte may have requested that the IJ and the Board consider the same evidence for other claims, he did not ask them to consider the *same arguments* that he now asks us to consider. To determine whether an issue has been raised at an earlier proceeding, courts look to whether a party actually argued it, not whether the argument bears some relation to the evidentiary record. *Juarez v. Holder*, 599 F.3d 560, 564 n.3 (7th Cir. 2010). To do otherwise would effectively eliminate waiver and preserve every issue for review. At no point in the earlier proceedings did Duarte argue that he would be tortured upon return to Mexico. Because no such arguments were made, neither the IJ nor the Board issued a ruling on the matter. For

us to review this issue, we would have to speculate about which arguments Duarte would have made in earlier proceedings as well as the specific grounds for denying them. In other words, there is nothing for us to review.

Duarte has failed to exhaust his administrative remedies. We therefore DENY his petition for review to the extent that it concerns withholding of removal and the CAT, and we DISMISS the petition for want of jurisdiction to the extent that it concerns the request for asylum.