**HONG LIU YANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General of the United States, Respondent.**

No. 14–2631.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 2015.*

Decided Aug. 4, 2015.

Thomas John Mayer, Attorney, Law Office of Thomas J. Mayer, San Gabriel, CA, for Petitioner.

Shahrzad Baghai, Attorney, OIL, Attorney, Manuel Palau, Attorney, Department of Justice, Washington, DC, for Respondent.

Before RICHARD A. POSNER, Circuit Judge, DIANE S. SYKES, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

### ORDER

Hong Liu Yang, a 54–year old Chinese citizen who was ordered removed in 2010, raises only one argument in this challenge to the denial of her motion to reopen her case. She maintains that her early-stage ovarian cancer requires her to remain in the United States so she can access "high-tech medical care" not available in China. But Yang never made this argument to the Board of Immigration Appeals and there are no grounds on which we can order the proceedings reopened. We dismiss the petition for review.

Yang entered the U.S. in 1997 on a B–1 visa and in 2003 married a U.S. citizen. Her husband filed an I–130 petition (for an alien relative), and Yang was granted conditional residence status in 2005. The couple divorced the following year. Several months later Yang and her ex-husband petitioned to remove the conditions on her residence, and an interview was scheduled with the United States Citizenship and Immigration Services ("USCIS") in Chica-go. Yang attended the interview alone. Based on her interview and other evidence, USCIS determined that the marriage had not been entered into in good faith and terminated her conditional residence status. The Department of Homeland Security issued Yang a notice to appear in February 2010, charging her as removable based on the termination of her conditional residence. See 8 U.S.C. § 1227(a)(1)(D)(i). Yang did not attend the hearing and was ordered removed in absentia.

More than two years later, in October 2012, Yang, then living in Los Angeles, moved to reopen the proceedings based on changed circumstances—the recent approval of an I–130 petition filed just months earlier by her adult daughter. According to Yang, this "alternative form[ ] of relief" was unavailable in 2009 when her conditional residence status ended. An immigration judge denied her motion, explaining that she did not qualify for rescission of the removal order entered in absentia because she did not assert that exceptional circumstances prevented her from attending her February 2010 hearing or that the notice to appear was either defective or not received. See id. § 1229a(b)(5)(C)(i), (ii).

In March 2013 Yang appealed to the Board of Immigration Appeals and argued for the first time that she never received the notice to appear because her first lawyer had been ineffective. In upholding the immigration judge's decision, the Board concluded that Yang did not meet the requirements for rescinding an in absentia removal order, that her motion to reopen was untimely, and that her situation was "not exceptional such that sua sponte reopening [was] warranted." And to the

---

* After examining the briefs and record, we have concluded that oral argument is unnec-essary. Thus, the appeal is submitted on the briefs and record. See FED. R.APP. P. 34(a)(2).

extent that Yang sought rescission of the in absentia order based on ineffective assistance of counsel, the Board noted that such motions must be filed with the immigration judge and are subject to specific time and number bars.

In her petition for review in this court, Yang "concedes [that] all of her previously offered arguments on appeal are ultimately without merit or are pretermitted" and asks that we sua sponte grant her request to reopen her case so that she can adjust status through her U.S.-citizen daughter based upon changed circumstances, which she now identifies as her cancer diagnosis. She states that in 2010 she underwent a hysterectomy and doctors removed an 8 cm mass from her ovary. Her oncologist diagnosed a Stage 1A malignancy, assessed the chance of recurrence at 40%, and advised follow-up CT scans every 3 months. Yang characterizes her circumstances as "extraordinary" in that "sophisticated health care, diagnostics, cardiac and anti-cancer drugs are only available to the top echelons of political and economic life in China, ... if available at all."

But Yang never made this argument before the Board, and we lack jurisdiction to review a claim that the Board has not had the opportunity to address. *See id.* § 1252(d)(1); *Duarte–Salagosa v. Holder,* 775 F.3d 841, 846 (7th Cir.2014); *Arobelidze v. Holder,* 653 F.3d 513, 516–17 (7th Cir.2011). In immigration proceedings this court's role is to review agency decisions, not to grant relief in the first instance. *Akram v. Holder,* 721 F.3d 853, 865 (7th Cir.2013). Yang could have asked the Board at any time to exercise its authority to reopen based on the exceptional circumstances of her medical condition. Even if that motion would have been untimely, as long as the Board is able to resolve an issue, it must be given the opportunity to do so. *See Toledo–Hernandez v. Mukasey,* 521 F.3d 332, 336 (5th Cir.2008) And regardless of the motion's timeliness, the Board has sua sponte authority to reopen proceedings, *see* 8 C.F.R. § 1003.2(a), though sua sponte reopening would be "an extraordinary remedy reserved for truly exceptional situations," *In re G–D–,* 22 I. & N. Dec. 1132, 1134 (B.I.A. 1999); *see also Anaya–Aguilar v. Holder,* 683 F.3d 369, 372–73 (7th Cir.2012).

Yang has not identified any other basis for relief. Accordingly, the petition for review is DISMISSED.