In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 19-1453 & 19-2312

ELVIRA GARCIA-ARCE,

*Petitioner,*

*v.*

WILLIAM P. BARR, Attorney General
of the United States,

*Respondent.*

———————————

Petitions for Review of Orders of
the Board of Immigration Appeals.
No. A079-775-996

———————————

ARGUED DECEMBER 11, 2019 — DECIDED DECEMBER 30, 2019

———————————

Before FLAUM, HAMILTON, and BARRETT, *Circuit Judges*.

FLAUM, *Circuit Judge*. Elvira Garcia-Arce seeks withholding of removal to Mexico under the Immigration and Nationality Act and the Convention Against Torture. She has filed two petitions for review of orders of the Board of Immigration Appeals (the "Board"). We deny both petitions. As to the first petition, the Board's decision affirming the denial of Garcia-Arce's withholding application was supported by substantial

evidence. As to the second petition, the Board did not abuse its discretion in concluding that Garcia-Arce's prior counsel's assistance was not so deficient that Garcia-Arce was prevented from reasonably presenting her case.

## I. Background

Elvira Garcia-Arce, also known as Erika Esmeralda Fregoso Lopez, is a native and citizen of Mexico who was removed from the United States in 2001 and illegally re-entered the United States shortly thereafter. After she was arrested for driving under the influence and without a license in 2018, the Department of Homeland Security detained her and reinstated her 2001 removal order.

Attorney Gwendolyn Smith prepared Garcia-Arce's application for withholding of removal and represented her in subsequent immigration proceedings. After an asylum officer interviewed Garcia-Arce, an immigration judge held a hearing on the merits of Garcia-Arce's application. Garcia-Arce sought withholding of removal under the Immigration and Nationality Act, *see* 8 U.S.C. § 1231(b)(3), and the Convention Against Torture, *see* 8 C.F.R. §§ 1208.16–.18, based on her purported fear of persecution and torture if removed to Mexico.

The immigration judge denied her request for withholding of removal. At her hearing before the immigration judge, Garcia-Arce testified that she feared returning to Mexico because in her hometown she was physically assaulted by her brother and sexually assaulted by her uncle and a man named "Tacos," who was a member of a gang to whom her brother "sold her" to repay a drug debt. The immigration judge noted that there were "serious problems" with Garcia-Arce's credi-

bility due, in part, to her having presented a fake birth certificate at the border and her statements to border agents that she did not fear returning to Mexico. The immigration judge nevertheless held that even assuming Garcia-Arce had shown that she had been subjected to persecution in Mexico, it was both possible and reasonable for Garcia-Arce to avoid the threat of persecution by relocating within Mexico. She testified that her brother had passed away from a drug overdose, that her uncle still lives in her hometown, and that she had previously lived in Mexico with the father of her son in a town that was four hours outside of her hometown, where she did not have contact with Tacos or other gang members.

The immigration judge also found that Garcia-Arce neither alleged that a Mexican government official had acquiesced in any torture of her nor established that a Mexican government official would acquiesce in any future torture of her. Although Garcia-Arce had submitted general reports regarding country conditions in Mexico describing gang violence and other safety issues, the judge noted that a 2017 State Department report also stated that Mexican law imposes an "absolute prohibition" on torture and that a new law "adds higher penalties for conviction of torturing vulnerable classes of victims,[] including women and persons with disabilities."

Garcia-Arce appealed to the Board of Immigration Appeals (the "Board"). In February 2019, the Board adopted and affirmed the immigration judge's decision. The Board found no clear error in the immigration judge's findings of fact and noted that Garcia-Arce had not raised the Convention Against Torture as a ground for her appeal. Garcia-Arce retained new counsel and filed with this Court a petition for review of the Board's February 2019 order.

Garcia-Arce also filed with the Board a motion to reopen immigration proceedings based on Attorney Smith's allegedly ineffective assistance. Garcia-Arce claimed that Attorney Smith was ineffective because she did not: (1) properly advance Garcia-Arce's claim that she would be persecuted upon return to Mexico as a result of her alleged mental illness; (2) properly advance her Convention Against Torture claim based on drug cartels and corrupt law enforcement in Mexico; and (3) correctly advise Garcia-Arce regarding her eligibility for bond.

In July 2019, the Board denied Garcia-Arce's motion to reopen, holding that Attorney Smith "made tactical decisions based on her reasonable professional assessment of [Garcia-Arce]'s case." The Board concluded that it was reasonable for Attorney Smith to focus her arguments on Garcia-Arce's past mistreatment in Mexico at the hands of her family and the gang rather than on account of her mental health, because the "testimony and evidence did not 'support a likelihood of harm based upon her mental health.'" And even if Attorney Smith was mistaken in advising Garcia-Arce that she was eligible for bond, the Board held that Garcia-Arce had not shown that she suffered prejudice as a result. The Board also concluded that Garcia-Arce had not "demonstrated exceptional circumstances warranting the Board's exercise of its discretion to reconsider its prior decision sua sponte under 8 C.F.R. § 1003.2(a)." Garcia-Arce then filed with this Court a petition for review of the Board's July 2019 order denying her motion to reopen.

Now before this Court are Garcia-Arce's petitions for review of the Board's February and July 2019 orders. Garcia-

Arce argues that the Board's February order should be reversed because the evidence compelled the conclusion that she was entitled to withholding of removal. She argues that the July order should be reversed because the Board abused its discretion in denying her claim of ineffective assistance.

## II. Discussion

### A. Denial of Application for Withholding

The Board's February 2019 decision affirming the immigration judge's denial of Garcia-Arce's application for withholding of removal is supported by substantial evidence. Where, as here, "the Board has adopted the decision of the immigration judge and added its own reasoning, we review both decisions." *Ruiz-Cabrera v. Holder*, 748 F.3d 754, 757 (7th Cir. 2014). We must not disturb the Board's holding if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Khan v. Holder*, 766 F.3d 689, 695 (7th Cir. 2014) (citation omitted). Under this "highly deferential standard," *Rodriguez Galicia v. Gonzales*, 422 F.3d 529, 535 (7th Cir. 2005), we "reverse only if the evidence compels a contrary conclusion," *Abdoulaye v. Holder*, 721 F.3d 485, 490 (7th Cir. 2013) (citation omitted). The Board's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

*1. Immigration and Nationality Act*

An alien is entitled to withholding of removal to a country under the Immigration and Nationality Act if the alien's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.

§ 1231(b)(3)(A). If the applicant establishes that she has suffered past persecution on account of her membership in a protected group, she is entitled to a rebuttable presumption that she will be persecuted in the future on the same basis. 8 C.F.R. § 1208.16(b)(1)(i). The presumption may be rebutted if circumstances have changed such that the applicant's life or freedom would not be threatened on account of her membership in a protected class, *id.* at § 1208.16(b)(1)(i)(A), or if the applicant could avoid the threat by relocating to another part of the proposed country and it would be reasonable to expect the applicant to do so, *id.* at § 1208.16(b)(1)(i)(B). If the applicant cannot establish past persecution, she must show a "clear probability" of future persecution, "meaning that it is more likely than not that [she] would be subject to persecution" if removed. *Tsegmed v. Sessions*, 859 F.3d 480, 484 (7th Cir. 2017).

The Board's conclusion that Garcia-Arce could relocate within Mexico to avoid the threat of future persecution, and that it would be reasonable to expect her to do so, was supported by substantial evidence. Garcia-Arce had previously lived four hours away from her hometown unharmed. Specifically, the immigration judge found that Garcia-Arce avoided contact with Tacos and the gang during a time period that "ranged from approximately 1997 until her entry into the United States in 2001." Although Garcia-Arce initially testified that Tacos abused her in 2000, she was asked clarifying questions and confirmed that she did not have contact with him after he last abused her in 1997. Garcia-Arce offers no evidence that compels a conclusion that she could not safely relocate within Mexico.

*2. Convention Against Torture*

Garcia-Arce also is not entitled to relief based on her unexhausted Convention Against Torture claim. "A failure to exhaust administrative remedies usually forecloses a petitioner from raising an issue in federal court that was not raised before the immigration tribunal." *Duarte-Salagosa v. Holder*, 775 F.3d 841, 846 (7th Cir. 2014). "To exhaust an administrative remedy an applicant must present to the Board any arguments that lie within its power to address." *Id.* (internal quotation marks and citation omitted). "We deem exhaustion necessary for appellate review because of the importance of providing the Board an opportunity to apply its specialized knowledge and experience to the matter, which provides us with reasoning to review." *Minghai Tian v. Holder*, 745 F.3d 822, 826 (7th Cir. 2014) (internal quotation marks, brackets, and citation omitted). Garcia-Arce's Convention Against Torture claim is unexhausted because she did not raise before the Board any substantive arguments for why she should receive Convention Against Torture relief.

"[W]e have recognized a limited class of exceptions to the administrative exhaustion requirement to include, among others, where a party has waived or forfeited objections, where the Board has addressed an issue on its own, or for other discretionary reasons." *Duarte-Salagosa*, 775 F.3d at 846. Garcia-Arce argues that her Convention Against Torture claim was not raised before the Board due to no fault of her own, but because of Attorney Smith's ineffectiveness. Even if we were to exercise our discretion here to review Garcia-Arce's unexhausted Convention Against Torture claim, Garcia-Arce would nevertheless not be entitled to relief.

To qualify for relief under the Convention Against Torture, Garcia-Arce was required to show that there is "a substantial risk" that she would be tortured if forced to return to Mexico. *Barry v. Barr*, 916 F.3d 666, 669 (7th Cir. 2019) (citations omitted). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person …, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). It is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." *Id.* at § 208.18(a)(2). Evidence that the applicant could relocate to another part of the country where she is not likely to be tortured is relevant. *Id.* at § 208.16(c)(3)(ii).

Garcia-Arce has not pointed to evidence that compels a finding that there is a substantial risk that she would be tortured if removed to Mexico or that any Mexican government official would acquiesce in such torture. Moreover, as discussed above, the Board's finding that Garcia-Arce could safely relocate within Mexico is supported by substantial evidence.

## B. Denial of Motion to Reopen

The Board did not abuse its discretion in its July 2019 denial of Garcia-Arce's motion to reopen her immigration proceedings based on Attorney Smith's allegedly ineffective assistance. Garcia-Arce filed a timely motion requesting that the Board reopen immigration proceedings pursuant to 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c), which provide that a party may file a motion to reopen within ninety days of the Board's final decision in the case. We review an order on such

a motion "for an abuse of discretion, upholding it unless it was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Bathula v. Holder*, 723 F.3d 889, 903 (7th Cir. 2013) (citation omitted).

Ineffective assistance of counsel "is not easy to demonstrate in an immigration proceeding: whatever right to effective counsel exists is present only because of the immigration statutes, and ultimately the Due Process Clause of the Fifth Amendment to the U.S. Constitution; the more familiar Sixth Amendment right is inapplicable because it is limited to criminal proceedings." *Yusev v. Sessions*, 851 F.3d 763, 767 (7th Cir. 2017). Garcia-Arce was required to "show that the proceeding was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Habib v. Lynch*, 787 F.3d 826, 831 (7th Cir. 2015) (internal quotation marks and citation omitted). To make this showing, she needed to identify the errors that prevented her from presenting her case in favor of withholding of removal and show that she was prejudiced. *Sanchez v. Sessions*, 894 F.3d 858, 862 (7th Cir. 2018). "The prejudice prong requires a showing that counsel's errors actually had the potential for affecting the outcome of the proceedings." *Id.* at 862–63 (internal quotation marks and citation omitted).

Garcia-Arce criticizes many of the tactical decisions Attorney Smith made when presenting Garcia-Arce's case, but attorneys are afforded "wide latitude … in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). While those criticisms might explain how Garcia-Arce's new attorney would have presented the case differently, they do

not establish that the Board abused its discretion in concluding that Attorney Smith's assistance was not so deficient that Garcia-Arce was prevented from reasonably presenting her case. Garcia-Arce also does not adequately explain how the outcome of the proceedings would have been different but for Attorney Smith's alleged ineffectiveness.

In *Sanchez v. Keisler*, we reversed the Board's denial of a motion to reopen due to ineffective assistance where the petitioner's prior attorney abandoned a theory of relief "for no explicable reason" and there was "simply no basis on which to support the Board's conclusion" that the attorney exercised professional judgment. 505 F.3d 641, 648, 650 (7th Cir. 2007). Here, however, Attorney Smith explained in a letter that she decided to ground her claims in the abuse Garcia-Arce had suffered at the hands of her family and the gang in the past rather than speculate on possible future harms due to Garcia-Arce's mental health. After speaking with Garcia-Arce and her husband and reviewing Garcia-Arce's medical history, Attorney Smith concluded that the evidence did not "support a likelihood of harm based upon her mental health."

While Attorney Smith uncovered evidence that Garcia-Arce had been persecuted in the past on account of her familial relationships, she had not uncovered evidence that Garcia-Arce had been persecuted in the past on account of her mental health. Garcia-Arce therefore would not have benefited from the burden-shifting of 8 C.F.R. § 1208.16(b)(1)(i) when advancing a claim based on mental health. Choosing to focus her arguments on the past persecution given the relative strength of the evidence here and the applicable burden-shifting provision is the kind of "strategic choice[] made after thorough investigation of law and facts relevant to plausible options"

that is "virtually unchallengeable," even in the more familiar Sixth Amendment context. *Strickland*, 466 U.S. at 690.

Garcia-Arce argues that Attorney Smith did not "properly raise [her] claim under the [Convention Against Torture] based on past and future persecution by drug cartels and corrupt law enforcement officials in Mexico." Attorney Smith argued before the immigration judge, however, that corrupt government officials in Mexico sometimes work in coordination with organized criminals. That the claim did not prove meritorious does not render Attorney Smith's assistance ineffective. Garcia-Arce cites cases that she contends Attorney Smith should have cited, but she does not adequately explain how citing those cases could have altered the outcome. She merely states that Attorney Smith's arguments were too "generalized" and "minimized" the extent to which Mexican cartels work with corrupt government officials.

Garcia-Arce also has not provided a sufficient basis to call into question Attorney Smith's professional judgment in declining to pursue the Convention Against Torture claim on appeal. In the Sixth Amendment context, we have held that "appellate counsel need not (and should not) raise every nonfrivolous claim." *McNary v. Lemke*, 708 F.3d 905, 920 (7th Cir. 2013) (ellipsis and citation omitted). Rather, appellate counsel's performance is deficient only if she abandoned, without strategic justification, a "claim that was both 'obvious' and 'clearly stronger' than the claim that [she] actually presented." *Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013). As Attorney Smith explained, there was not an adequate basis upon which she could have established that a public official would acquiesce in torture of Garcia-Arce, which is required for relief under the Convention Against Torture. *See* 8 C.F.R.

§ 208.18(a)(1). Instead, Garcia-Arce's claim grounded in past persecution was more promising.

Finally, as the Board explained regarding Garcia-Arce's argument that Attorney Smith was ineffective for advising her that she was eligible for bond, Garcia-Arce "would have still been denied bond if [Attorney Smith] has properly advised her," and the suggestion that Attorney Smith's time "could have been better spent on other aspects of [Garcia-Arce]'s case is speculative."

Garcia-Arce requested, in the alternative, that the Board exercise its sua sponte discretion to reopen immigration proceedings pursuant to 8 C.F.R. § 1003.2(a), which allows the Board to reopen a case on its own motion. "To the extent that [Garcia-Arce] made, and the Board considered, an oxymoronic request for the Board to exercise its discretion to reopen [her] removal proceedings sua sponte, *see* 8 C.F.R. § 1003.2(a), our jurisdiction is narrowly circumscribed to reviewing, at the very most, whether the Board misunderstood the basis for the request." *Villa Serrano v. Barr*, 784 F. App'x 455, 456 (7th Cir. 2019). There is no reason to conclude that the Board misunderstood the basis for Garcia-Arce's claim of ineffective assistance. Indeed, the Board's order discussed that claim at length.

Garcia-Arce quibbles with the statement in the Board's July 2019 order that it would not "reconsider its prior decision." Garcia-Arce argues that the Board's use of this phrase demonstrates that the Board failed to properly consider her evidence and arguments because there was no prior decision on a motion to reopen for the Board to reconsider. The context of the July 2019 order makes clear, however, that the prior decision to which the Board was referring was its February 2019

decision concluding that Garcia-Arce is not entitled to withholding of removal. There is nothing to suggest that the Board mistakenly believed that Garcia-Arce had previously filed another motion to reopen. The Board's statement that it would not "reconsider its prior decision" therefore does not undermine this Court's confidence that the Board properly understood and evaluated Garcia-Arce's request.

### III. Conclusion

For the foregoing reasons, we DENY both petitions for review.