# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60432

———————————

Darwin Stevens Castellan-Barrera,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A241 001 117

———————————————————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2025

Lyle W. Cayce
Clerk

Before Elrod, *Chief Judge*, and King and Graves, *Circuit Judges*.

Per Curiam:[*]

Darwin Stevens Castellanos-Barrera[1] petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's denial of his application for asylum, withholding of

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] In his briefing, Petitioner spells his name as Castellan-Barrera, but in his I-589 Application for Asylum and for Withholding of Removal he spells it as Castellanos-Barrera. At an immigration hearing, he clarified that while his name is pronounced Castellan-Barrera, it is spelled Castellanos-Barrera.

No. 24-60432

removal, and protection under the Convention Against Torture. For the following reasons, we DENY his petition.

**I.**

Castellanos-Barrera entered the United States without being admitted or paroled. The Department of Homeland Security served him with a Notice to Appear charging him with removability under 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I). He admitted the allegations and conceded the charges in the Notice to Appear and then applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[2] He testified and provided evidence in support of his application, asserting persecution on account of his religion and membership in two particular social groups: (1) current and former MS-13 gang members, and (2) men who resist gang recruitment.

The Immigration Judge ("IJ") denied Castellanos-Barrera's application and ordered his removal to El Salvador. The Board of Immigration Appeals ("BIA") upheld the IJ's decision and dismissed Castellanos-Barrera's appeal. Castellanos-Barrera timely petitioned for review, and he now contends that: (1) the BIA erred in its determination that Castellanos-Barrera does not qualify for asylum, withholding of removal, and CAT protection; and (2) he is entitled to relief on account of violations of his constitutional due process and statutorily guaranteed privacy rights.

---

[2] The United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85. *See* Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105–277, Div. G, § 2242(b), 112 Stat. 2681 (1998).

No. 24-60432

## II.

We review for substantial evidence the factual determinations as to whether a non-citizen is eligible for asylum under 8 U.S.C. § 1101(a)(42)(A), withholding of removal under 8 U.S.C. §1231(b)(3)(A), or relief under the Convention Against Torture. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "Under this standard, reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it.'" *Id.* (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). And "[t]he alien bears the burden of proving the requisite compelling nature of the evidence." *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). We review the BIA's legal conclusions de novo. *Cordero-Chavez v. Garland*, 50 F.4th 492, 495 (5th Cir. 2022). Whether removal proceedings deny a constitutional right is a question of law that we review *de novo. See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). In conducting our review, we may also consider the IJ's decision, but "only to the extent it influenced the BIA." *Aguilar-Quintanilla v. McHenry*, 126 F.4th 1065, 1068 (5th Cir. 2025). Finally, we construe Castellanos-Barrera's pro se brief liberally. *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

## III.

First, we are satisfied we have jurisdiction. *See Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). "In cases challenging a BIA decision, the petitioner's removal from the United States generally renders the petition moot unless the petitioner would suffer collateral legal consequences from the challenged decision." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020). If Castellanos-Barrera has already been removed,[3] that removal

---

[3] On August 28, 2024, the Department of Justice filed a letter indicating Castellanos-Barrera was in custody and scheduled for removal on September 13, 2024. On September 9, 2024, his motion for a stay of removal pending review was denied. In his

was under 8 U.S.C. § 1229a, which imposes a period of inadmissibility, which qualifies as a collateral legal consequence that preserves the justiciability of Castellanos-Barrera's petition for review. *See Arulnanthy*, 17 F.4th at 592.

Turning to the petition, Castellanos-Barrera (A) challenges the denial of asylum and withholding, (B) challenges the denial of relief under the CAT, and (C) contends his due process and privacy rights were infringed.

## A.

"To be eligible for asylum, an applicant must show, among other things, that 'race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.'" *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Similarly, an applicant for withholding of removal must show that "it is more likely than not" that his life or freedom would be threatened by persecution on account of one of those five categories. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (quoting 8 C.F.R. § 208.16(b)(1)). Because "[w]ithholding of removal is a higher standard than asylum," where an applicant "does not meet the bar for asylum, he also does not meet the standard for withholding of [removal]." *Id.*

The BIA affirmed the denial of both the asylum and withholding applications, holding Castellanos-Barrera "has not established a nexus between any claimed persecution and a protected group." Castellanos-

_____

briefing filed October 4, 2024, he listed his address as a federal detention center. Searches on Immigration and Customs Enforcement's detainee locator system using his A-Number and biographical information yield no results.

No. 24-60432

Barrera argues a nexus between his persecution and (1) his religion and (2) his membership in various particular social groups.[4]

**1.**

The record does not establish that Castellanos-Barrera was persecuted by MS-13 on account of religion. Rather, it indicates that gang members sought to harm him because he had left the gang and that they wanted to recruit him to rejoin. There is no evidence that members of the gang ever mentioned or demonstrated animus toward his religious beliefs. When directly asked whether MS-13 wished to harm him because of his Christianity or because members were trying to recruit him, Castellanos-Barrera responded the latter. And Castellanos-Barrera's other evidence bolsters this conclusion. *See, e.g.*, Letter from Castellanos-Barrera's mother noting that "they beat him because he did not want to get involved with them"; Castellanos-Barrera's declaration stating he left El Salvador because of persecution by MS-13 stemming from his decision to not be "affiliated with them."

**2.**

The BIA also rejected Castellanos-Barrera's two proposed particular social groups ("PSGs"): men who resist gang recruitment and former gang members. A particular social group must: "(1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). As to the former PSG, the

---

[4] Castellanos-Barrera also suggests he is separately entitled to relief under the Universal Declaration of Human Rights, but that declaration "does not of its own force impose obligations as a matter of international law" and "did not itself create obligations enforceable in the federal courts." *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004).

BIA did not err because "[t]here is little evidence that people who were recruited to join gangs but refused to do so would be 'perceived as a group' by society." *Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012); *see also Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020). As to the latter, the BIA's determination that Castellanos-Barrera failed to demonstrate the *nexus* between persecution and a protected group is supported by substantial evidence. Castellanos-Barrera's testimony suggests that Salvadoran officials targeted him because they did not believe he had cut ties with MS-13, not because they viewed him as a former member. Similarly, his testimony suggests MS-13 members targeted him not because they viewed him as a former member to punish, but as someone who could be re-recruited.

On appeal, Castellanos-Barrera also raises his membership in two PSGs not raised below: those who have had their information improperly disclosed by ICE and those who have police records in El Salvador. But we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." *Munoz-De Zelaya*, 80 F.4th at 694 (quoting 8 U.S.C. § 1252(d)(1)). Therefore, "[w]e decline to reach the arguments" that Castellanos-Barrera "failed to exhaust."[5] *Id.*;

---

[5] Here, the government did not object to Castellanos-Barrera proposing new PSGs on appeal. And in *Carreon v. Garland*, we held that where a petitioner raised an IJ's alleged legal error for the first time on appeal, having neglected to raise it before the BIA, the government's failure to argue exhaustion forfeited any objection. 71 F.4th 247, 256 (5th Cir. 2023). But unlike *Carreon*, had Castellanos-Barrera raised his new PSGs before the BIA without first raising them before the IJ, the BIA would not have considered them. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 148–49 (5th Cir. 2019) (approving the BIA's refusal to consider a proposed particular social group delineated for the first time on appeal because "the Immigration Judge will not have had an opportunity to make relevant factual findings, [and the BIA] cannot do [so] in the first instance on appeal" (alterations in original)). And we decline to consider arguments the BIA would not reach. *Aviles-Tavera*

*accord Duarte-Salagosa v. Holder*, 775 F.3d 841, 845 (7th Cir. 2014) (declining to review purported PSG not raised before IJ).

**B.**

To be eligible for CAT protection, an applicant must show that if he were repatriated, he more likely than not will be tortured by, or with the acquiescence of, government officials acting in an official capacity. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Unlike asylum or withholding of removal, CAT protection does not require a nexus to a protected ground. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). But it requires proof of treatment more severe than would suffice to prove persecution. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Castellanos-Barrera asserts he will likely be tortured both (1) by Salvadoran authorities and (2) by MS-13 with official acquiescence.

**1.**

The record does not establish that Castellanos-Barrera's past treatment by police rose to the level of torture. He testified that police beat him in 2013, 2018, and 2021, but he acknowledged that none of the incidents required hospitalization and that his injuries were treated with ice or acetaminophen. We have held, though, that even brutal physical attacks do not rise to the level of "persecution," much less "torture," which is an even higher bar. *See Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020). Castellanos-Barrera also testified that a week after he left the country, Salvadoran police came to find him, and after discovering he was gone, arrested and continue to detain his partner in order to punish him. Although the IJ found Castellanos-Barrera "generally credible," the court discounted this

---

*v. Garland*, 22 F.4th 478, 485–86 (5th Cir. 2022); *see also Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("[A] court of appeals sits as a court of review, not of first view.").

testimony, noting Castellanos-Barrera provided no proof of the arrest or why she was arrested despite the IJ's requests he do so.[6] Castellanos-Barrera does not challenge this determination.

Relatedly, Castellanos-Barrera argues that he will be imprisoned in inhumane conditions if repatriated and asserts that the BIA erred by not considering his supporting country conditions evidence. Although "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person," *Qorane*, 919 F.3d at 911, "the BIA cannot ignore country conditions evidence," *Ndifon v. Garland*, 49 F.4th 986, 989 (5th Cir. 2022). Here, in addition to his testimony and affidavits, Castellanos-Barrera provided general country conditions evidence in the form of the 2021 State Department Human Rights Report for El Salvador. Neither the BIA nor the IJ referenced this report.[7] But Castellanos-Barrera's concerns about broader Salvadoran country conditions center around the country's State of Exception. And that Exception did not begin until 2022. *See Aguilar-Quintanilla*, 126 F.4th at 1067. Therefore, because the 2021 Human Rights report provides little insight into the relevant conditions Castellanos-Barrera fears, it was not "key evidence," and the BIA did not err by not discussing it. *See Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018) (quoting *Abdel–Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996)); *see also Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (where petitioner's individual narrative "provide[d] the core of his claim," and BIA thoroughly considered details of that narrative, BIA did not err by neglecting to discuss country background

---

[6] The IJ asked Castellanos-Barrera for more evidence, e.g. "legal documents, such as court records, or police reports," on his partner's detention.

[7] At most, the IJ noted that as part of making its determination, it was required to consider evidence including "relevant information regarding conditions in the country of removal."

reports that petitioner offered with "no explanation for how [they] corroborate[d], much less independently support[ed], his claims"); *Parada-Orellana v. Garland*, 21 F.4th 887, 894 (5th Cir. 2022) ("There is no requirement that the BIA address evidentiary minutiae or write any lengthy exegesis[.]" (citation and quotations omitted)).

### 2.

Further, the BIA's determination that Castellanos-Barrera had not shown that the government would likely acquiesce to his torture by MS-13 is supported by substantial evidence. "An applicant may satisfy his burden of proving acquiescence by demonstrating 'a government's willful blindness of torturous activity.'" *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017) (quoting *Hakim v. Holder,* 628 F.3d 151, 155 (5th Cir. 2010)). The evidence cited by the BIA supports the conclusion that Castellanos-Barrera has not demonstrated willful blindness. For example, police actively investigated when Castellanos-Barrera reported gang members shot at his car, suggesting the government's willingness to help him. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021). At most, Castellanos-Barrera's evidence suggests Salvadoran authorities struggle to protect citizens from MS-13, but "a government's inability to protect its citizens does not amount to acquiescence." *Qorane*, 919 F.3d at 911. And as the IJ noted, Castellanos-Barrera's testimony further undercuts the idea that the government has acquiesced to MS-13—he primarily alleges officials target him *because* they believe he is still an active member of that gang.

### C.

Castellanos-Barrera also contends his due process rights were infringed in multiple ways. "The Fifth Amendment's Due Process Clause protects individuals in removal proceedings." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). "To prevail on a claim regarding an alleged denial

of due process rights, an alien must make an initial showing of substantial prejudice," which requires "a prima facie showing that the alleged violation affected the outcome of the proceedings." *Id.*

First, Castellanos-Barrera states that the IJ gave only a written decision, not an oral decision in his presence, and that he was never provided with a copy of the written decision and thus he "did not know what points to include in his Notice of Appeal." Not only did Castellanos-Barrera fail to raise this first argument before the BIA, but his BIA brief also repeatedly cited the IJ's decision.

Second, Castellanos-Barrera contends that an accidental publication of his information on an Immigration and Customs Enforcement ("ICE") website infringed on his privacy rights. While Castellanos-Barrera's removal proceedings were pending, ICE notified Castellanos-Barrera that various pieces of his immigration information had been inadvertently posted on its website in violation of 8 C.F.R. § 208.6. In response, the IJ held a hearing and gave Castellanos-Barrera time to speak with an attorney, file additional evidence, and update his asylum application if necessary. Although breach of confidentiality may be grounds for relief if the petitioner shows that his home country penalizes asylum seekers, *see Dayo v. Holder*, 687 F.3d 653, 656-58 (5th Cir. 2012), Castellanos-Barrera makes no such showing.[8] This claim is therefore unavailing.

---

[8] Castellanos-Barrera makes no allegation that the government of El Salvador is aware of the inadvertent disclosure or that it penalizes asylum seekers generally or would persecute him specifically as an unsuccessful asylum seeker. He also testified that the Salvadoran government would know if he were removed from the United States irrespective of ICE's inadvertent disclosure.

No. 24-60432

## IV.

For the foregoing reasons, Castellanos-Barrera's petition for review is DENIED.